The judgment of the court was pronounced by
Eustis, C. J.
This action is brought by the plaintiff to recover from the defendants the sum of six hundred and twenty-five dollars : five hundred dollars being the price of a sugar-mill, purchased by the plaintiff from the defendants, and one hundred and twenty-five dollars being for the cost of transportation from the defendant’s'plantation in the parish of Plaquemines, to that of the plaintiff in Terre Aux Boeufs. He had judgment in the court below, and the defendants have appealed.
The plaintiff charges, that the defendants represented the mill to be good, save a few repairs of little importance to be made before using it; that when the mill was transported to his plantation, it was found that the rollers were cracked in such a manner as to render them absolutely useless, and that they could in no way or manner be repaired ; that the cracks existed before the sale, and that the defendants knew of their existence, and that the rollers were absolutely useless. The district judge was of opinion, that it clearly appeared from the evidence, that both parties acted throughout the transaction with perfect good faith; but, thinking that the fact was established that the mill was utterly worthless, held the defendants to be bound to return the price, on the principle that no one ought to enrich himself by causing a loss to another. There were some pieces of the machinery broken, which were reported as such to the plaintiff; and inasmuch as no charge in relation to them is made in the petition, they are to be left entirely out of view in considering the case, which turns exclusively on the defects in the rollers, of which the plaintiff complains in his petition.
The plaintiff sent his overseer to examine the rollers, and found them as he states, good, and so reported to the plaintiff. The plaintiff directed him to ask the defendants whether they would warrant the rollers. The overseer wrote a letter to the defendants, in which he stated, that he had notified them some weeks since that the plaintiff had taken the rollers, but he forgot to mention that he took them on the condition, that they would guarantee to him that the rollers had not been burned, or rather that they were in good condition. It appears that the defendant’s sugar-house had been burned down, and that the mill was in it, and that the inquiry referred to the extent of the injury the mill had sustained by the fire.
One of the defendants answered the letter to this effect: “ Having been absent, I have not been able to answer your letter sooner. You ask me if the rollers have not been damaged by the fire, and if I will guarantee them. It would be well if you could send your engineer to examine them. As for me, I believe they are perfectly good, saving some small repairs, but I give them almost for nothing, in consequence of a misunderstanding with my brother. The price was $1000, but I promised them for $500, and I will keep my promise. Let me know if you take them, as I intend to dispose of them immediately.” On the receipt of this letter, the overseer told the plaintiff that Mr. Urquhart could not guarantee the rollers, but that he, Mr. Urquhart, considered them good, and the plaintiff might fiend ap engineer to examine them. It appears that the plaintiff was satisfied with the opinion of Mr. Urquhart, as to the quality or condition of the rollers, and did not send an engineer to examine them, but closed the bargain, on the receipt of the letter. The price agreed upon was paid. On the visit of the plaintiff’s overseer to tjie defendant’s plantation, for the purpose of examining Ihe rollers, Mr. Urquhart stated to him that his sugar-mill had been burned down, and that the rollers had passed by the fire; he advised the overseer to send an engineer to examine the rollers, to be sure that they were good, stating that for himself he was no engineer, but thought the *493 rollers were good. This conversation was reported to the plaintiff. We find nothing in the evidence which impugns the verity of Mr. UrquharVs declarations, and the case must be decided independent of them.
It is proved, that the defects in the rollers, of which the plaintiff complains, were apparent on simple inspection, and afford no ground for the present action. Code, 2497. Pothier Contrat de Vente, § 208. Millaudon v. Price, 3d Ann. 4. The price paid is an index to the conclusion that the plaintiff was buying old machinery. The rollers alone, if new, would have been worth twelve hundred dollars, and the whole was bought for $500. The application of the principle, that no one ought to be enriched by causing a loss to another person, to cases of this kind, is quite inadmissible. The transaction being perfectly fair, the plaintiff has no claim for' relief against the supposed result of a bad bargain. We say supposed result, for the mill-rollers, in their present condition, have not been tried, and might last for years, according to the evidence before us. The mill, as purchased, would be worth, delivered at the foundry, from $250 to $300. On a careful consideration of the case we think the district court erred in giving judgment for the plaintiff.
The judgment of the district court is therefore reversed, and judgment rendered for the defendants, with costs in both courts.